## American Bleacher Corporation v. Fried & Gerber, Inc.

*William B. Moyer*, for plaintiff.

*Lorry W. Post*, for defendant.

BECKERT, J., May 14, 1965.—In a case fraught with technical objections, defendant, Fried & Gerber, Inc. (Fried) is seeking, by preliminary objections "an order striking off plaintiff's amended complaint" contending that the notarization of plaintiff's amended complaint does not contain the required certification of notarial authority, the same being required as the verification was performed by notary public of the State of Louisiana, and, further, that the amended complaint is not properly verified on oath or affirmations as required by Pennsylvania Rule of Civil Procedure 1024.

Defendant's preliminary objections are overruled and dismissed for the following reasons:

(1) The Act of May 14, 1957, P. L. 134, no. 58, sec. 1, 21 PS §291.9 [pocket supplement], alleviates

the requirement for a certificate of notarial authority if the acknowledgment is taken within the United States and if the official before whom the acknowledge- is taken affixes his official seal. The acknowledgement to the instant complaint was taken in the State of Louisiana and the official seal of the notary public appears on the original of the complaint.

(2) The second objection is apparently grounded on the fact that the notary public is a member of the law firm that represents plaintiff corporation in Loui- siana. Defendant contends that the law is clear that it is improper for an attorney to take an acknowledge- ment of a party whom he represents. The difficulty with defendant's position is that the Louisiana attor- ney and notary public, who purportedly represents plaintiff in Louisiana, does not represent plaintiff in this action. The complaint is endorsed by an attorney of the Bucks County Bar and the Louisiana attorney's signature does not appear on the amended complaint, other than in his capacity as notary public.

Goodrich-Amram, Vol. I, Commentary to Rule 1024 (a)-1, page 154, proclaims that a partner of an at- torney, or an attorney employed in the office of the attorney for one of the parties to the action, would not be disqualified from acting as the oath-taker to the pleadings. See also Geisweit v. Marden, 1 D. & C. 2d, 697, 700, 701. If this is so, by the same rationale why should an attorney, who may represent plaintiff in Louisiana, but not in the present action, be dis- qualified from acting in that capacity? We can con- ceive of no reason.

We, therefore, enter the following

*Order*

And now, May 14, 1965, defendant's preliminary objections are dismissed and overruled, leave being granted to defendant to file an answer to plaintiff's amended complaint within 20 days from this date.